Marshall, Ch. J.,
delivered the opinion [*317 of the court.
This case comes up on two exceptions taken to opinions L given in the circuit court. The plaintiff in the court below had sold to the defendant in that court, certain goods, wares and merchandise, of which he had given him a bill, headed with the words, “Mr. Theophilus Harris, bought of Dunlap & Johnston,” &e. At the foot of this bill of parcels was the following receipt: “ Received Messrs. Clingman & Magaw’s note for the above sum, payable to the order of John Towers, or order, indorsed by John Towers and Theophilus Harris, payable 2d April 1798, when paid, received in full.” This note was indorsed in blank by the defendant in error, and a suit was instituted upon it by Dunlap against Harris, in which suit he ultimately failed, it being the law of Virginia, that on a note, an action by the indorsee can only be maintained against the drawer, or his immediate indorser.
*190 Tibe defendant below objected, 1st. That the bill of parcels was conclusive evidence of joint property in the goods sold and delivered, and therefore, that the action was not maintainable in the name of Johnston alone. 2d. That no action was maintainable on the original contract, the plaintiff below having indorsed the note mentioned in the receipt, and not having reacquired any property in it, so as to be able to restore it to Harris. No *318] laches are imputed, or are imputable, to the holder of the note. *Both these points were decided against the defendant below, and a judgment was rendered against him, from which he has appealed to this court.
On the first point, the court is of opinion, that there is no error. The written memorandum was not the contract, and was only given to show to what object the receipt at its foot applied. It is not, therefore, a bar to a disclosure of the real fact; it is not conclusive evidence of joint ownership in the property sold, and of a joint sale, but will admit of explanation. The court, therefore, did not err in allowing explanatory evidence to go to the jury, nor in allowing the jury to judge of the weight of that evidence.
On the 2d exception, the material point to be decided is, whether an action can be maintained, on an original contract for goods sold and delivered, by a person who has received a note as a conditional payment, and has passed away that note. Upon principle, it would appear that such an action could not be maintained. The indorsement of the note passes the property in it to another, and is evidence that it was sold for a valuable consideration. If, after such indorsement, the seller of the goods could maintain an action on the original contract, he would receive double satisfaction.
The case cited from 6 Term Reports appears to be precisely in point. The distinction taken by the counsel for the appellee, that in this case Harris can never be sued on the note, is not so substantial as it is ingenious. Harris has a right to the note, in order to have his recourse against his indorsee, and Johnston has not a right to obtain satisfaction for the goods from Harris, while he is in possession of the satisfaction received from Dunlap. In the case quoted from Term Reports, the liability of the defendant to an action from the actual holder of the note, is not the sole ground on which a disability to sue on the original contract was placed. That disability was also occasioned *by the obvious injustice of allowing to -* the same person a double satisfaction, and of withholding from the debtor, who had paid for the note, before he could indorse it, and who would be compelled, by the judgment, to pay for the goods, on account of which he had parted with it, the right of resorting to his indorser. But, if it was indispensable to show that Dunlap has a remedy against Harris, it is supposed, that the holder of a note may incontestably sue a remote indorser in chancery, and compel payment of it. The case of GlarTc v. Young, decided in this court, does not apply, because, in that case, the plaintiff below had not parted with his property in the note.
The court does not think that the order (made after the judgment was rendered) for the rendition of the note to the defendant below, can correct the error committed in misdirecting the jury.
The judgment is to be reversed, for error in directing the jury that the action was maintainable on the original contract, after the note received as conditional payment had been indorsed.