7 U.S. 311
 3 Cranch 311
 2 L.Ed. 450
 HARRIS
v.
JOHNSTON.
 February Term, 1806
 
 1
 ERROR to the circuit court of the district of Columbia, sitting at Alexandria, in an action of assumpsit, for goods sold and delivered, and money had and received.
 
 
 2
 The defendant pleaded the general issue, and upon the trial took two bills of exceptions.
 
 
 3
 The first stated, that this action was commenced on the 10th of July, 1801, and that on the trial the plaintiff offered evidence of the sale and delivery of goods, to the amount of 2,149 dollars and 33 cents.
 
 
 4
 That the defendant offered in evidence a bill of parcels of the same goods, rendered by and in the handwriting of the plaintiff, Johnston, amounting to 644l. 16s. Virginia currency, containing a particular account of rum and sugar, beginning with these words: 'Mr. Theophilus Harris, bought of Dunlap & Johnston,' at the foot of which bill was the following receipt, signed by the plaintiff: 'Received, Messrs. Clingman and Magaw's note for the above sum, payable to the order of John Towers, or order, indorsed by John Towers and Theophilus Harris, payable the 2d April, 1798, when paid, received in full;' which bill was rendered to the defendant by the plaintiff, at the time of the sale and delivery.
 
 
 5
 The defendant further offered evidence to prove, that the note in that receipt mentioned, was delivered to the defendant with the blank indorsement of Towers, and by the defendant indorsed in blank to the plaintiff, at the time of the sale and delivery of the goods, and by the plaintiff afterwards indorsed to one John Dunlap, who, on the 19th of April, 1798, brought suit thereon against the present defendant, Harris, in the court of Hustings, in the town of Alexandria, upon his indorsement, striking out the name of the plaintiff, Johnston, and filling up the defendant, Harris's, indorsement with a direct assignment from Harris to Dunlap. That upon that suit judgment was rendered, by the court of Hustings, for Dunlap against Harris, from which judgment he appealed to the Dumfries district court, where the judgment of the court of Hustings was reversed,* and Dunlap appealed from the judgment of the district court, to the court of appeals, where the judgment of the district court was affirmed.
 
 
 6
 The defendant, on the trial of the present suit, also offered evidence to prove, that the said John Dunlap, on the 19th of April, 1798, also commenced suit against Towers, upon his indorsement of the same note, which suit is still pending in the court below. That the said John Dunlap is the same Dunlap whose name is mentioned at the head of the bill of parcels aforesaid, and who is still living.
 
 
 7
 Whereupon, the defendant prayed the court to instruct the jury, that upon proof of these circumstances, the plaintiff could not recover, in this action, for goods sold and delivered; and that, from the bill and receipt given as aforesaid, the transaction must be considered as a joint contract. Which instruction the court refused to give, as prayed, but directed the jury, that the bill of parcels, before mentioned, is evidence (but not conclusive) of a joint contract of sale for the rum and sugar; and that the plaintiff may explain the transaction by parol, or other evidence, to prove that he was the sole owner of the sugar, and that the said Dunlap was the sole owner of the rum, and that the contract for the sale of the sugar was made with the plaintiff in his own right, and that the contract for the sale of the rum was made with him as agent for Dunlap. But if the plaintiff should produce no such explanatory evidence, he could not maintain the present action.
 
 
 8
 And the court further instructed the jury, that if they should be satisfied, that the contract of sale was made with the plaintiff alone, and that part of the goods was the sole property of the plaintiff, and that the residue was the sole property of Dunlap; and that the plaintiff had authority from Dunlap to sell such residue; then the plaintiff had a right to recover judgment in this action against the defendant, for the whole amount of the goods so sold and delivered; and that the other facts stated are not sufficient to bar the plaintiff.
 
 
 9
 The 2d bill of exceptions in the present cause, stated, that the plaintiff produced a witness, who proved, that the sale of the goods was made in the store of Dunlap, where the goods were deposited; that he never knew Dunlap to claim any title to the sugar, nor the plaintiff to the rum; and that, previous to the sale, Dunlap claimed the rum as his separate property, and the plaintiff claimed the sugar as his separate property; and that Dunlap requested the plaintiff to sell the rum with the plaintiff's sugar. Whereupon, the plaintiff prayed the court to instruct the jury, that the evidence so offered was not competent to contradict or explain the purport of the bill of parcels and receipt, or to show that the plaintiff sold part of the goods as his separate property, and the residue as agent of Dunlap; and that it did not amount to proof of such several property and agency, as could enable the plaintiff to recover, in this action, for the whole of the goods sold.
 
 
 10
 Which instruction the court refused to give; but instructed the jury, that the declarations of Dunlap, or of the plaintiff, or the request of either of them, cannot be given in evidence, unless the defendant was present, when such declaration or request was made.
 
 
 11
 A verdict being rendered for the plaintiff, the defendant moved the court for a new trial, which was refused, and the court ordered the clerk to deliver up to the defendant, the note of Clingman & Magaw, indorsed by Towers, which was referred to in the receipt, and which was filed in the suit of Dunlap v. the present defendant.**
 
 
 12
 Upon this case two questions arose.
 
 
 13
 1st. Whether the bill of parcels was conclusive evidence of a joint contract of sale, and of the joint property of Dunlap and Johnston?
 
 
 14
 2d. Whether, under the other circumstances of the case, the plaintiff could recover in this action?
 
 
 15
 C. Lee, and Jones, for plaintiff in error.
 
 
 16
 1. The bill of parcels is written evidence, purporting a joint contract, and cannot be contradicted by parol.
 
 
 17
 The action ought to have been joint. The bill of exceptions does not state any evidence from which the jury could infer, that part of the goods was the sole property of one, and the residue the sole property of the other. The circumstances offered to prove that fact were too slight to justify the inference, and the court ought to have instructed the jury to that effect.
 
 
 18
 2. The contract which arose on the sale of the goods has been changed to a special contract, to pay on a certain condition: viz. if the plaintiff shall use due diligence to get the money on the note, and shall not succeed. If the plaintiff negotiates the note, he receives its value; he is paid for the goods sold; he has received satisfaction, and can never resort to the defendant, until the note is returned to the plaintiff, and he has taken it up, and offered to return it to the defendant. Whatever would prevent the plaintiff from recovering against the defendant on the note, would equally prevent him from recovering on the contract for goods sold and delivered. The present suit was commenced while suits were depending on this very note, by Dunlap against the present defendant, and by Dunlap against Towers. The defendant cannot, at the same time, be answerable upon the note, and upon the original contract of sale.
 
 
 19
 The order which the court made, that the plaintiff should deliver up to the defendant, the note which had been filed in the case of Dunlap v. Harris, did not aid the judgment. The court had no authority to make such an order; the note was the property of Dunlap, and not of the plaintiff. But the note was of no use to the defendant. It was barred by the act of limitations, and that by the conduct of the plaintiff.
 
 
 20
 In the case of Kearslake v. Morgan, 5 T. R. 513, it is admitted by the counsel on both sides, that if a negotiable note, given for a prior simple contract debt, be indorsed over by the plaintiff, and is outstanding, the plaintiff cannot recover upon the original contract. In the present case, it must be presumed that the plaintiff received value for the note when he passed it to Dunlap, and it does not appear that he has ever been obliged to refund.
 
 
 21
 Swann, E. J. Lee, and Simms, contra. It does not appear that the note was not returned. But this court, in the case of Clarke & Young, ante, vol. 1.p. 181, had decided, that it is not necessary, in such a case, to return it. So in the case of Puckford v. Maxwell, 6 T. R. 53, the court said, that 'in cases of this kind, if the bill, which is given in payment, do not turn out to be productive, it is not that which it purports to be, and which the party receiving it expects it to be, and, therefore, he may consider it as a nullity, and act as if no such bill had been given at all.' The same point is also decided in 1. Esp. Rep. 5, and 7 T. R. 64, Owenson v. Morse.
 
 
 22
 The question of negligence does not arise in this case. The reason of the admission in the case of Kearslake v. Morgan, that if the note was outstanding, the plaintiff could not recover upon the original cause of action, is, that the defendant would be liable to be sued upon it. The words are, 'if he may be sued upon it by a third person.' But here the record itself shows that Harris could not be sued upon it by a third person, being only liable to the present plaintiff, who was his immediate indorsee, that point having been decided in the court of appeals in Virginia, upon this very note. As, therefore, Harris is liable upon the note to the present plaintiff only, and, as he will not be liable to him on the note, in case he recovers in the present action, it is the same thing as if the note had been taken up by the plaintiff, and ready to be delivered to the defendant.
 
 
 23
 Jones, in reply, admitted, that modern decisions have laid down the law broadly, that if the note or bill is not honoured, it is of no avail; but it is otherwise, if the note or bill be negotiated; it is then a payment until returned.
 
 
 24
 In the case of Young & Clarke, the plaintiff had not negotiated the bill, and the parties answerable to Clarke were insolvent.
 
 
 25
 The liability of the defendant to a suit by a third person, on the note, is not the only ground of the opinion in Kearslake v. Morgan. Another ground is, that the defendant may have the benefit of the note against the parties answerable to him.
 
 
 26
 But, if the present defendant is not liable to be sued on the note in the name of a third person, yet Dunlap may sue him upon it, in the name of Johnston.***
 
 February 19.
 
 27
 MARSHALL, Ch. J. delivered the opinion of the court.
 
 
 28
 This case comes up on two exceptions taken to opinions given in the circuit court.
 
 
 29
 The plaintiff in the court below had sold to the defendant in that court, certain goods, wares and merchandize, of which he had given him a bill, headed with the words, 'Mr. Theophilus Harris, bought of Dunlap & Johnston,' &c. At the foot of this bill of parcels, was the following receipt: 'Received, Messrs. Clingman and Magaw's note for the above sum, payable to the order of John Towers or order, indorsed by John Towers and Theophilus Harris, payable 2d April, 1798, when paid, received in full.'
 
 
 30
 This note was indorsed in blank by the defendant in error, and a suit was instituted upon it by Dunlap against Harris, in which suit he ultimately failed, it being the law of Virginia, that on a note, an action by the indorsee can only be maintained against the drawer, or his immediate indorsor.
 
 
 31
 The defendant below objected,
 
 
 32
 1st. That the bill of parcels was conclusive evidence of joint property in the goods sold and delivered, and, therefore, that the action was not maintainable in the name of Johnston alone.
 
 
 33
 2d. That no action was maintainable on the original contract, the plaintiff below having indorsed the note mentioned in the receipt, and not having re-acquired any property in it, so as to be able to restore it to Harris.
 
 
 34
 No laches are imputed, or are imputable to the holder of the note.
 
 
 35
 Both these points were decided against the defendant below, and a judgment was rendered against him, from which he has appealed to this court.
 
 
 36
 On the first point the court is of opinion, that there is no error. The written memorandum was not the contract, and was only given to show to what object the receipt at its foot applied. It is not, therefore, a bar to a disclosure of the real fact; it is not conclusive evidence of joint ownership in the property sold, and of a joint sale, but will admit of explanation. The court, therefore, did not err in allowing explanatory evidence to go to the jury, nor in allowing the jury to judge of the weight of that evidence.
 
 
 37
 On the 2d exception, the material point to be decided is, whether an action can be maintained on an original contract for goods sold and delivered, by a person who has received a note as a conditional payment, and has passed away that note.
 
 
 38
 Upon principle, it would appear that such an action could not be maintained. The indorsement of the note passes the property in it to another, and is evidence that it was sold for a valuable consideration.
 
 
 39
 If, after such indorsement, the seller of the goods could maintain an action on the original contract, he would receive double satisfaction.
 
 
 40
 The case cited from 5th Term Reports, appears to be precisely in point. The distinction taken by the counsel for the appellee, that in this case Harris can never be sued on the note, is not so substantial as it is ingenious. Harris has a right to the note, in order to have his recourse against his indorsee, and Johnston has not a right to obtain satisfaction for the goods from Harris, while he is in possession of the satisfaction received from Dunlap. In the case quoted from Durnford & East, the liability of the defendant to an action from the actual holder of the note, is not the sole ground on which a disability to sue on the original contract was placed. That disability was also occasioned by the obvious injustice, of allowing to the same person a double satisfaction, and of withholding from the debtor, who had paid for the note before he could indorse it, and who would be compelled, by the judgment, to pay for the goods, on account of which he had parted with it, the right of resorting to his indorsor. But, if it was indispensable to show, that Dunlap has a remedy against Harris, it is supposed, that the holder of a note may incontestibly sue a remote indorsor in chancery, and compel payment of it.
 
 
 41
 The case of Young & Clarke, decided in this court, does not apply, because, in that case, the plaintiff below had not parted with his property in the note.
 
 
 42
 The court does not think that the order (made after the judgment was rendered) for the rendition of the note to the defendant below, can correct the error committed in misdirecting the jury.
 
 
 43
 The judgment is to be reversed, for error in directing the jury that the action was maintainable on the original contract, after the note received as conditional payment had been indorsed.
 
 
 
 *
 It was understood and admitted by the counsel on both sides, that the judgment was reversed because the court was of opinion, that, in Virginia, the holder of an indorsed promissory note, payable to order, cannot strike out an intermediate blank indorsement, and fill up the blank indorsement of a remote indorsor, with an order to pay the money to himself; and that the holder cannot maintain an action against any of the parties to the note, but his own immediate indorsor, or the maker of the note.
 
 
 **
 The record does not state the whole order of the court upon the motion for a new trial. The court, upon further argument and consideration, being doubtful whether the plaintiff could support this action, until he had got back the note from Dunlap, informed the plaintiff's counsel, that they would grant a new trial, unless the plaintiff would get that note, and return it to the defendant, and also obtain a release from Dunlap to Harris, of all right of action for the rum sold.
 
 
 ***
 Marshall, Ch. J. Not if Johnston recovers in the present suit.
 Jones. But if Dunlap has a right to the note, he may sue in equity, and payment by Harris to Johnston would not be a bar.
 Marshall, Ch. J. True. We shall consider that point. I have always been of opinion, that in such cases a suit in chancery can be supported; though I do not recollect any case, in which the point has been decided.