## LOONEY *v.* DISTRICT OF COLUMBIA.

APPEAL FROM THE COURT OF CLAIMS.

Submitted January 9, 1885.—Decided January 23, 1885.

A creditor who receives from his debtor a certificate in writing, not negotiable, of the amount of his debt, and sells the certificate to a third person for value less than its nominal amount, thereby authorizes the purchaser to receive the amount from the debtor, and cannot, after the debtor has paid it to the purchaser, maintain any action against the debtor.

A creditor who receives from his debtor a negotiable instrument of the debtor for the amount of his debt, and sells it for its market value to a third person, cannot sue the debtor on the original debt.

This suit, as appeared by the facts found by the Court of Claims, was upon a contract in writing made September 11, 1872, between the petitioner and the Board of Public Works of the District of Columbia, by which he agreed to furnish materials and labor, and in a good and substantial manner to grade and gravel Fourteenth Street East between B Street South and Boundary in the City of Washington, at prices specified, and among other things agreed to punctually pay in cash the workmen employed by him; and the Board of Public Works agreed to pay him in lawful money of the United States the amount which might be found to be due to him from time to time according to the contract.

He performed his part of the contract according to its terms. Upon measurements made and accounts stated during the progress and at the completion of the work, there appeared to be due to him $27,364.75 (which by a mistake of addition, unknown to either party, was $500 too much), for which he received certificates of the auditor of the Board of Public Works, issued in accordance with the usual course of business as conducted by that board with its creditors, in different sums and in the following form:

" No. 2179.      Office of Auditor, Board of Public Works,
                        Washington, D. C., July 11, 1873.

" I hereby certify that I have this day audited and allowed

the account of Dennis Looney for work on 14th street East, from B street South to Boundary, amounting to one thousand dollars.

"$1000.                              J. C. LAY, Auditor."

The Court of Claims, in addition to the facts above stated, found the following facts:

"The certificates so received by the claimant, amounting in all to $27.364.75, were disposed of by him as follows: He collected of the board in cash $744. One certificate of $1,000 was indorsed and sold by him at its market value, sixty-five cents on a dollar, and was redeemed by the board from his assignee at its face value in payment of special taxes due to the District. Three certificates (less cash received), of the face value of $9,100, he exchanged at par for 'sewer certificates,' so called, bearing interest at eight per cent. per annum, and other interest-bearing securities of the District of Columbia, all payable on time. The interest-bearing securities he sold at their market value, sixty-five cents on a dollar. Five certificates, of the face value of $16,520.75, he indorsed and sold at about their market value, seventy cents on a dollar, and they were funded by his assignee into District of Columbia three-sixty-five bonds issued under the act of June 20, 1874, ch. 337, 18 Stat. 116.

"Before selling his interest-bearing securities, for which he had exchanged his auditor's certificates, the claimant asked the treasurer what they were worth, and where he could sell them at par, and the treasurer replied, 'I do not know where you can get par for them; do as others are doing, and sell them the best way that you can.'"

Upon the foregoing findings of fact the Court of Claims decided as conclusions of law as follows: "1. The claimant has no cause of action, and is not entitled to recover on the demands sued upon. 2. The defendant is entitled to recover $500 from the claimant, as set up in the counterclaim, for overpayment made through an error in adding the account, upon a final settlement of which he was overpaid that sum." 19 C. Cl. 230.

Judgment was rendered accordingly, and the claimant appealed to this court.

*Mr. Eppa Hunton* and *Mr. V. B. Edwards* for appellant.— It is found as a fact that the claimant was, by the terms of his contract, to be paid in lawful money of the United States, and also that he was paid in certificates worth sixty-five cents on the dollar, which this court has decided in *Cowdrey* v. *Vandenburgh*, 101 U. S. 572, to be non-negotiable.   He is therefore entitled to recover, and his measure of damages is the difference between the market value of the certificates and lawful money of the United States at the date the certificates were received by him, and interest thereon to date of judgment.   *Memphis* v. *Brown*, 20 Wall. 289.

*Mr. Solicitor-General* and *Mr. John C. Fay* for appellee.

Mr. Justice Gray delivered the opinion of the court.   He recited the facts as above stated, and continued :

The nature and history of the auditor's certificates, and of the so-called sewer certificates, and other securities issued by the District of Columbia, as well as the legislation of Congress relating to them, have been fully stated in opinions delivered by the Court of Claims in other cases, and need not be recapitulated.   See *Fendall* v. *District of Columbia*, 16 C. Cl. 106 ; *Adams* v. *Same*, 17 C. Cl. 351 ; *Morgan* v. *Same*, 19 C. Cl. 156. It is enough for the purposes of this case to observe that the sewer certificates and other interest-bearing securities of the District were negotiable instruments ; and that the auditor's certificates were not negotiable, but were merely evidence of the debt of the District to the claimant under its contract with him.

If he had kept the auditor's certificates, he could doubtless have recovered against the District the full amount of the debt of which they were the evidence.

But the facts found show that he has so dealt with these certificates as to prevent him from maintaining this suit.   The amount of some of the certificates he has been paid by the District in

money.    Others of the certificates he has sold and assigned for value, and thereby transferred the equitable title in them to the assignee, and authorized him to receive payment of their amount from the District ; and the payment of that amount in full by the District to the assignee is a discharge of so much of its debt to the claimant.    *Cowdrey* v. *Vandenburgh*, 101 U. S. 572 ; *Foss* v. *Lowell Savings Bank*, 111 Mass. 285.    The remaining certificates he has exchanged with the District for an equal amount of its negotiable securities, payable on time with interest, and he has since sold those securities for their value in the market.    The District is liable to the purchaser, either upon those securities themselves, or upon the other bonds since taken by him instead of some of them, and cannot be also held liable to the original creditor for the same amount or any part thereof. *Harris* v. *Johnston*, 3 Cranch, 311 ; *Emblin* v. *Dartnell*, 1 D. & L. 591.

The conversation, which is found to have taken place between the treasurer of the District and the claimant before he sold the negotiable securities, has no tendency to prove any authority or any intention of the treasurer to make a new or different contract in behalf of the District.

*Judgment affirmed.*