# DONNELLY v. DISTRICT OF COLUMBIA.

## APPEAL FROM THE COURT OF CLAIMS.

Submitted November 19, 1886. — Decided December 13, 1886.

A creditor who receives from his debtor a negotiable instrument of the debtor for the amount of his debt, and sells it for its market value to a third person, cannot sue the debtor on the original debt.

*Looney* v. *District of Columbia*, 113 U. S. 258, affirmed.

This was an appeal from the Court of Claims. The petition set forth contracts between one Cullinane since deceased, the testator of appellants, who were plaintiffs below, and the performance of the work by Cullinane. The contracts called for payments in cash. There was a dispute about the quality of some of the work, which was finally adjusted, and a settlement made in the manner set forth in the findings of fact by the Court of Claims as follows :

"XII. After the correspondence hereinbefore set forth, there were verbal negotiations between the claimant and his attorney and individual members of the board, resulting finally in the signing and sealing by the claimant and the board of the following paper :

"Whereas differences have existed between the Board of Public Works of the District of Columbia and Patrick Cullinane in reference to the contract of said Cullinane for improving Four-and-a-half street, in the city of Washington, it is agreed to adjust the same by deducting from the total amount due said Cullinane the sum of fifteen thousand dollars, in consequence of the character of the work, in the judgment of the board, and the amount equitably chargeable against the Metropolitan Railroad Company, which said amount is to be hereafter fixed between said board and said company ; bonds to be issued to said Cullinane for the balance due him.

"Witness our hands and seals this thirteenth day of September, A.D. eighteen hundred and seventy-three.

"PATRICK CULLINANE. [SEAL.]
H. D. COOKE. [SEAL.]
ALEX. R. SHEPHERD. [SEAL.]
JAMES A. MAGRUDER. [SEAL.]
ADOLF CLUSS. [SEAL.]
H. A. WILLARD. [SEAL.]

"It does not appear that there was, before or at the time of the signing of this paper, any other agreement than this between the claimant and the board as to the settlement of the matters of difference between them; nor does it appear that there was any stipulation connected with said settlement, which, after having been agreed upon between the parties, was omitted, by mistake or otherwise, from said paper.

"XIII. In pursuance of the agreement set forth in the next preceding finding the treasurer of the board issued and delivered to the claimant bonds of the District of Columbia, of the description known as 'permanent improvement bonds,' to the amount, on their face, of $113,950, for that amount found to be due him for the work done by him under the contracts referred to in the first three of the foregoing findings, after deducting $15,000 for defective work; of which bonds the following is a sample: [Then follows a copy of the bond].

"XIV. At the time of the delivery of said bonds to the claimant they were, in the money market, below par, and he knew that fact.

"XV. After receiving said bonds the claimant hypothecated $45,000 of them with one Blumenburg, as security for money borrowed of him. The remainder of them he sold, but when, or for what prices, does not satisfactorily appear.

The Court of Claims dismissed the petition, from which plaintiff appealed.

*Mr. V. B. Edwards* for appellant.

*Mr. Assistant Attorney General Maury* for appellee.

Mr. Chief Justice Waite delivered the opinion of the court.

The judgment in this case is affirmed on the authority of *Looney* v. *The District of Columbia*, 113 U. S. 258. It having been found as a fact by the court below that no mistake had been made in reducing the contract to writing, no questions are presented in this court on that branch of the case.

*Affirmed.*