ADVANCE–RUMELY THRESHER CO., APPELLANT, *v.*
KRUGER ET AL., RESPONDENTS.

(No. 6,964.)

(Submitted October 19, 1932. Decided December 14, 1932.)

[16 Pac. (2d) 1102.]

*Mr. M. J. Lamb,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Hall & McCabe,* for Respondents, submitted a brief; *Mr. H. C. Hall* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

The complaint in this action contains two causes of action. The first seeks a judgment in the sum of $217.50 as freight charges which, it is alleged, defendants agreed to pay on a tractor and attachments shipped by plaintiff to defendants from La Porte, Indiana, to Dutton, Montana, pursuant to a contract of purchase and sale. It alleges that upon delivery of the machinery by plaintiff to defendants, defendant Rudolph

Kruger, on July 12, 1929, made and delivered his check to plaintiff for the sum of $217.50, drawn on the State Bank of Dutton, in payment of the freight charges; that upon presentment of the check for payment, payment was refused; and that no part of the freight charges or the check has been paid.

The answer to this cause of action alleges that defendants, on July 8, 1929, executed and delivered to plaintiff's agent, T. H. Lux, an order for the tractor and attachments, including a canopy top. It admits the making of the check (drawn on the Sunburst State Bank), and its nonpayment. It denies the other allegations of the first cause of action.

The answer contains affirmative defenses to both causes of action, but, in view of the questions presented, the contents of the affirmative defenses need not be noted here.

The second cause of action sets forth that on July 8, 1929, defendants executed and delivered to plaintiff three promissory notes aggregating in amount $1,928, bearing interest at 8 per cent., and each carrying attorneys' fees in case of suit; that the notes were payable October 1, 1929, October 1, 1930, and October 1, 1931, respectively; that plaintiff is the owner and holder of the notes; and that the only sum paid thereon was the sum of $454, which was paid in the following manner: At the time the notes were given, and to secure their payment, defendants executed and delivered to plaintiff a chattel mortgage on the tractor and attachments mentioned in the first cause of action; by the terms of the mortgage plaintiff was entitled to take possession of the mortgaged chattels in the event the mortgagors failed to keep the property in good condition or repair or to shelter or protect it, and authorized to sell it upon five days' notice posted in five public places in the county, and to apply the proceeds upon the notes, and the balance should at once become due and payable. It is alleged that defendants failed to keep the property in good condition and repair, and failed to shelter and protect it, and that thereupon plaintiff took possession thereof and sold it for $500; that the expenses of sale amounted to $46, and the balance of $454 was applied as part payment of the notes. Judg-

ment for the balance due on the notes is demanded, together with attorneys' fees.

The answer to the second cause of action admits the making of the notes and mortgage, and that the plaintiff is the owner and holder thereof; admits that plaintiff took possession of the mortgaged chattels, except the canopy top, which was never delivered to defendants, and denies each and every other allegation.

The cause was tried to the court sitting with a jury. The evidence submitted by plaintiff consisted of the order for the machinery, signed by defendants, and oral evidence that the machinery described in the order was delivered to defendants, save the canopy top, which did not arrive from the factory in time to be delivered, and that the amount of freight was $217.50, which is unpaid.

Over defendants' objection, plaintiff introduced Exhibit B, which was a copy of the report of the chattel mortgage sale and which contained a copy of an affidavit of posting notices, and a copy of the notice of chattel mortgage foreclosure sale, certified by the county clerk—all relating to the sale of the mortgaged property. It then introduced evidence that the balance due on the notes is $1,954.17.

At the conclusion of the evidence, defendants made a motion for nonsuit, which was sustained, and judgment was entered for defendants for costs. This appeal is from the judgment. The appeal challenges the correctness of the court's ruling on the motion. Defendants by the motion attacked the sufficiency of the evidence as to each cause of action.

With respect to the first cause of action the rule is that the ██ payee of a check, upon payment being refused, may either sue on the check or the debt evidenced by the check. (8 C. J. 807; 48 C. J. 632.) The allegations of the first cause of action, fairly construed, show that it was based on the original debt for the freight, and not on the check.

When a check is received as conditional payment and the ██ ██ check is dishonored, recovery cannot be had upon the original debt without accounting for the check (except, pos-

sibly, where the maker is insolvent). (48 C. J. 632.) "It is a well established rule that where a negotiable bill or note has been received on account of a debt, but without an express agreement to accept it as final satisfaction thereof, a recovery cannot be had on the original obligation without a surrender of the negotiable paper, or a satisfactory explanation of its nonproduction, or unless it appears that it cannot be enforced by a third person." (21 R. C. L. 59.) The reason for the rule is to eliminate the possibility of exposing the debtor to two suits, one by the creditor on the original debt, and the other by the indorsee or holder of the check. (*American Ins. Co.* v. *McGehee Liquor Co.*, 93 Ark. 62, 20 Ann. Cas. 855, 124 S. W. 252.) There was no evidence submitted as to what had become of the check. The only evidence in that regard was from the witness Glenn Smithson, who said: "I do not have the check for that amount. I do not know where it is; the company never received the proceeds of that check."

The motion for nonsuit was properly sustained as to the first cause of action for failure to produce or account for the check.

Whether the court erred in sustaining the motion for nonsuit as to the second cause of action depends upon the construction to be placed upon section 8288, Revised Codes 1921.

There was no evidence in the case as to whether defendants ▮ ▮ had failed or refused to keep the mortgaged property in good condition or repair, or to shelter or protect it, except as those recitations are made in the notice of chattel mortgage foreclosure sale, a copy of which is made a part of the report of the sale.

Section 8288 provides: "Within ten days after the sale of any mortgaged property, as herein provided, the person making the sale shall make out in writing a full report, under oath, of all the proceedings in such foreclosure, specifying particularly the property sold, the amount received therefor, the name of the person to whom sold, the amount of the costs and expenses itemized, a copy of the notice of sale, with the statement that the same was posted as herein provided, and

the disposition made by him of the proceeds of the sale, and shall file the same in the office of the county clerk and recorder where the mortgage is filed; which report shall be received in all courts as prima facie evidence of the facts therein stated. The county clerk and recorder shall properly index said report and attach the report of sale to the original mortgage on file.''

It was never intended by this section to make recitals in the notice of sale prima facie evidence of the facts stated in the notice. The facts stated in the report relating to the acts done by the person making it are to be taken as prima facie evidence. In other words, when the report states that a certain notice was posted at a certain time and place, the report shall be taken as prima facie evidence of that fact. But statements contained in the posted notice, showing wherein the mortgagors were in default, are not by virtue of section 8288 to be taken as prima facie evidence of those facts.

The person making the sale and the report may not, and when the sale is conducted by the sheriff, usually does not, know anything about the default of the mortgagor. The fact that the report of sale contains a copy of the posted notice which recites such default does not relieve the party who would rely upon the sale, of the necessity of making proof of the mortgagor's default justifying the sale. If there were no default on the part of the mortgagors, the attempted foreclosure sale would be a nullity. (*James* v. *Speer*, 69 Mont. 100, 220 Pac. 535.) In fact, if there were no default, this action, which was instituted before the maturity of the first note, would have been premature. It was incumbent upon plaintiff to prove the breach of the terms of the mortgage by the mortgagors in the respects which gave plaintiff the right to take possession and sell the property.

If there were no proper sale of the mortgaged property, plaintiff still has security for the indebtedness and must resort to it. (Sec. 9467, Rev. Codes 1921; *Barth* v. *Ely*, 85 Mont. 310, 278 Pac. 1002.)

The court properly sustained the motion for nonsuit as to both causes of action.

In the order sustaining the motion the court's ruling appears to have been based, in part at least, upon grounds other than those which we have discussed. But if the conclusion reached by the trial court on the motion for nonsuit is correct, it is immaterial what reasons were assigned therefor. (*Henroid* v. *Gregson Hot Springs Co.*, 52 Mont. 447, 158 Pac. 824; *Barry* v. *Badger*, 54 Mont. 224, 169 Pac. 34; and see *Whitcomb* v. *Beyerlein*, 84 Mont. 470, 276 Pac. 430.)

The judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY, MR. JUSTICE MATTHEWS, HONORABLE FRANK P. LEIPER, District Judge, sitting in place of MR. JUSTICE GALEN, disqualified, and HONORABLE R. M. HATTERSLEY, District Judge, sitting in place of MR. JUSTICE FORD, disqualified, concur.