Frank P. SLATTERY, Jr.,
et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 93–280C.

United States Court of Federal Claims.

Nov. 18, 2011.

Thomas M. Buchanan, Winston & Strawn, LLP, Washington, D.C., for Plaintiffs. Eric W. Bloom, Ryan S. Spiegel and Lauren M. Butcher, Of Counsel.

Richard J. Urowski, Sullivan & Cromwell, LLP, New York City, N.Y. for Plaintiffs–Intervenors, with whom were Bradley P. Smith and Benjamin R. Walker, Of Counsel.

Brian A. Mizoguchi, Senior Trial Counsel, with whom were Scott D. Austin, Assistant Director, and Jeanne E. Davidson, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant. Jacob Schunk, Commercial Litigation Branch, Department of Justice, Of Counsel. Lawrence H. Richmond, Senior Counsel, Leslie Conover, and Jaclyn C. Taner, Federal Deposit Insurance Corporation, Of Counsel.

## ORDER AND OPINION

SMITH, Senior Judge.

This Court previously awarded $276,000,000 in expectancy damages to the Plaintiffs to be distributed among Meritor Savings Bank ("Meritor") shareholders after payment of litigation expenses and attorneys fees. *See Slattery v. United States,* 69 Fed. Cl. 573 (2006). The Court must now determine the proper recipients of this award. The Plaintiff–Intervenor argues that the Meritor shareholders at the time of the

breach of contract ("former shareholders") are the rightful recipients, whereas the Plaintiff and Defendant contend the current shareholders are entitled to receive the distribution of the award. After careful consideration, the Court agrees with the Plaintiff and Defendant and holds that the judgment for $276 million will be distributed among the current shareholders. Additionally, before this Court is John R. McCarron's motion to intervene, which this Court denies for reasons set forth below.

## DISCUSSION

### I. The Receiver is to Distribute the Award of $276 Million Among Current Shareholders

Governing the distribution of assets from a receivership is 12 U.S.C. § 1821(d)(11), which provides:

> "[A]mounts realized from the liquidation or other resolution of any insured depository institution by any receiver appointed for such institution shall be distributed to pay claims ... to shareholders or members arising as a result of their status as shareholders or members (including any depository institution holding company or any shareholder or creditor of such company)."

The Plaintiff–Intervenor states that the receivership statute requires the award to be distributed to those shareholders who were injured at the time of the seizure. Accordingly, such shareholders are the former shareholders who have subsequently sold their shares. The Plaintiff–Intervenor further insists that the language of the statute specifically excludes current shareholders, who do not hold stock in a "depository institution" and are consequently ineligible to receive damages. Thus, they say, that due to the seizure of Meritor by the FDIC, the current shareholders acquired shares after Meritor dissolved and was no longer a "depository institution" under the statute.

Also relying on the plain language of the receivership statute, the Government argues that Congress's use of the term "shareholder" clearly indicates the proper recipients to be the current shareholders. The Government contends that upon the sale of shares,

former shareholders have transferred their right to receive compensation. This transfer of shareholder rights is reflected in the language of the receivership statute, which unequivocally states that the derivative distribution "shall be distributed to pay claims ... to *shareholders*," thus vesting the right to compensation to those who hold shares. § 1821(d)(11) (emphasis added). However, should the Court find any ambiguity in the statute, the Government points to the traditional legal rule for the transfer of shares, stating that the "holder-transferee" from the original creditor has priority for payment of his obligation. *See Plitt v. Stonebraker*, 195 F.2d 39, 43 (D.C.Cir.1952) ("The circumstances that a security for such payment [to a holder-transferee] has come into existence after he acquired the obligation is not important.").

■■■ The Court agrees with the Government in its interpretation of the receivership statute. The widely agreed upon notion of a shareholder is someone who, first and foremost, holds shares. The shareholder derives certain benefits from the risk of his or her investment, including the right to receive any compensation distributed, including derivatives. The shareholder relinquishes the right to claim a benefit upon the transfer of his or her shares, and is no longer considered to be a shareholder by the term's definition. *See Mendenhall v. Fleming Co.*, 504 F.2d 879, 880 (5th Cir.1974) (holding that after the sale of stock, former shareholders have no standing to file a claim against the corporation); *Armstrong v. Frostie Co.*, 453 F.2d 914 (4th Cir.1971); *Kenrich Corp. v. Miller*, 377 F.2d 312 (3rd Cir.1967). Based on this interpretation of the statute, the proper recipient of the award must also have the right to receive and benefit from a damage award. Therefore, the Court finds that the current shareholders retain this right and are the proper recipients of the award.

■■■ Following this argument, the Plaintiff–Intervenor asserts additional reasons that the former shareholders are the rightful beneficiaries of the distribution, which will be addressed in turn. First, the Plaintiff–Intervenor suggests that the Assignment of Claims Act, 31 U.S.C. § 3727 ("Act") pre-

vents the assignment of the former shareholders' claims to the current shareholders, thus preserving the former shareholders as the rightful beneficiaries of the award. *See Saint John Marine Co. v. United States*, 92 F.3d 39, 48 (2nd Cir.1996). Designed to protect the Government, the Act prevents claims against the Government from being purchased, which the Plaintiff–Intervenor states would allow them to sue the government even though they have no relationship with the government.

■ The Government counters and the Court agrees that the Act does not prevent the assignment of the claim at issue, as the Government is the only entity with the authority to invoke the Act and has not challenged the assignment in this case. *See Delmarva Power & Light Co. v. United States*, 79 Fed.Cl. 205 (2007). Furthermore, the only claim for which this Court has awarded damages is Meritor's derivative breach of contract claim, a claim which is currently owned by the FDIC. Consequently, the Government asserts that the Plaintiff–Intervenor's claims have not been assigned, and the Court agrees that the Act does not bar the current shareholders from lawfully receiving the distribution of the award.

Alternatively, the Plaintiff–Intervenor asserts that § 1821(d)(11) allows only the owner at the time of the seizure to assert a takings claim. *See United States v. Dow*, 357 U.S. 17, 20–21, 78 S.Ct. 1039, 2 L.Ed.2d 1109 (1958) (holding that the owners at the time the land was seized are owed compensation, rather than the subsequent purchasers); *Maniere v. United States*, 31 Fed.Cl. 410, 412–13 (1994) (asserting that a takings claim under the Fifth Amendment requires the plaintiff to show ownership of the property at the time of the taking). This rule, they assert, would preclude the current shareholders from the right to assert the claim or to receive the judgment awarded.

■ Challenging this argument, the Government clarifies that the claim at issue is under breach of contract theory, and the governing receivership statute is not concerned with the Fifth Amendment or takings claims. Relying on *Branch v. United States*, 69 F.3d 1571, 1575 (Fed.Cir.1995) Defendant maintains that that placing a bank into receivership is not a taking, as the Receiver will distribute the judgment to the shareholders. The Court agrees.

Finally, the Plaintiff–Intervenor errs in its use of the Court's prior statements to conclude that we intended the Receiver to distribute the award to the former shareholders. The Court previously stated that the former shareholders would have had at least the $276 million in equity value if the Government had not breached its contract, and the Plaintiff–Intervenor argues this statement indicates the Court's intent to award the damages to them. However, as illustrated in the Government's brief, the Court has not discussed the issue of who is entitled to the judgment. Rather, the Court simply stated that former shareholders were harmed by the breach of contract. The injury does not automatically ripen into a right to receive damages because the injured shareholders who no longer hold Meritor shares have transferred this right to the stock's subsequent purchaser.

## II. McCarron May Not Intervene In This Action

The Court now turns its attention to McCarron's motion to intervene, relying on Federal Rule of Civil Procedure 24 giving claimants the right to intervene when they have an "interest relating to the property or transaction that is subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed.R.Civ.P. 24(a)(2). McCarron claims that the Plaintiff does not protect his interest in the property and will not include McCarron's claim in the distribution of the $276 million.

■ Although the Court agrees that the Plaintiff will not protect McCarron's interest in the distribution of the award, the Court denies the motion to intervene. Not only does the Court lack jurisdiction over the matter, but the principle of *res judicata* bars McCarron's claim. The Tucker Act, as the only plausible source for finding jurisdiction

in this action, authorizes the Court to hear a claim arising from an "express or implied contract with the United States." 28 U.S.C. § 1491; *see Turner v. United States,* 23 Cl. Ct. 447, 457 (1991). However, McCarron does not allege a breach of contract in his complaint, but instead alleges violations of an employment contract and severance agreement with his former employer, Meritor. Thus, McCarron's claim is directed against Meritor and the Receiver rather than the Government. *See Maher v. United States,* 314 F.3d 600, 606–07 (Fed.Cir.2002) ("[A]ny promises of employment and pension benefits arose directly from [Plaintiff's] employment contracts with [the employer], not through an implied-in-fact contract with the government."). Accordingly, the Tucker Act does not vest this Court with jurisdiction to hear McCarron's claim.

Denying his motion does not preclude McCarron from obtaining justice because he has had multiple opportunities to litigate his claim. McCarron originally filed a complaint with the Eastern District of Pennsylvania in 1996 alleging the same violation and asking for the same compensation that he seeks in his current motion to intervene. After the district court held for the FDIC, McCarron appealed to the Third Circuit, which affirmed the holding. In 1996, while the district court litigation was pending, McCarron filed a motion to intervene on this action and based on the same claim.

 McCarron's previous opportunities to litigate his claim suggest that this Court must deny the motion in the interests of judicial economy and *res judicata.* The doctrines of issue and claim preclusion prevent the Court from re-adjudicating the matter, as McCarron previously asserted the same claim in district court and with this Court, and received final judgments on the matter. *McCarron v. FDIC,* 111 F.3d 1089, 1092 (3rd Cir.1997) ("McCarron timely filed a claim for severance pay and pension payments with the FDIC."). In 2006, McCarron filed a supplemental memorandum in support of his motion to intervene, which the Court denied and McCarron did not appeal. Consequently, McCarron did not preserve the issue and cannot raise it again now. *See Suess v.*

*United States,* 97 Fed.Cl. 564, 566 (Fed.Cl. 2011) (holding that the Court bars a party "from raising an issue on remand that ... was not raised on appeal"); *Tronzo v. Biomet, Inc.,* 236 F.3d 1342, 1349 (Fed.Cir.2001). As a result, the Court denies McCarron's motion to intervene in this action.

### CONCLUSION

In conclusion and for the reasons stated above, the Court finds that the current shareholders are the proper recipients of the $276 in million expectancy damages. Additionally, this Court denies McCarron's motion to intervene.

The Court hereby SCHEDULES a telephone status conference to be held on Thursday, December 1, 2011 at 3:30 pm to discuss the final order in this matter.

**IT IS SO ORDERED.**