KENDRICK (UNITED STATES v.). See Case No. 15,519.

KENEDY (UNITED STATES v.). See Case No. 15.520.

KENNAN v. UNITED STATES. See Case No. 10,750.

KENNAN (UNITED STATES v.). See Case No. 15,521.

## Case No. 7,697.

### KENNARD v. CASS COUNTY.

[3 Dill. 147; [1] 1 Cent. Law J. 35.]

Circuit Court, W. D. Missouri. 1873.

COUPONS—HOW DECLARED ON—REQUISITES OF DECLARATION.

1. The holder of coupons payable to bearer, may sue thereon, without producing or being interested in the bonds to which they were originally attached.

2. Where there is no general authority in a public corporation to make negotiable paper, the special authority should be stated in the declaration, or by alleging the recital of the bond in that respect.
[Cited in Hopper v. Town of Covington, 118 U. S. 151, 6 Sup. Ct. 1027.]
[Cited in Donaldson v. Butler Co. (Mo. Sup.) 11 S. W. 572.]

3. In declaring on coupons the instruments in suit should be identified on the face of the declaration by the number of the bond, date, sum and time of payment.

On demurrer to the petition. The petition seeks to recover on a large number of coupons. Each count is as follows: Plaintiff [James Kennard] states that the defendant herein, on the 11th day of July, 1870, made its certain instrument in writing commonly called a coupon, herewith filed, whereby defendant promised to pay to the bearer, on the 11th day of January, 1873, at, etc., the sum of $25, the same being the interest due on the date last aforesaid on a certain bond issued by the defendant, which said bond is therein mentioned. Plaintiff states that he is the owner, holder, and bearer of said coupon; that the defendant has failed to pay said coupon when due, although the same was duly presented for payment on the said 11th day of January, 1873, etc., and payment thereof refused: that said coupon remains due and unpaid, wherefore plaintiff

[1] [Reported by Hon. John F. Dillon. Circuit Judge, and here reprinted by permission.]

demands judgment against defendant, etc. The defendant demurs for that (1) no cause of action is stated; (2) it is not stated that the bonds and coupons were made and issued by the county court of Cass county; (3) it is not stated that they were made in pursuance of any law of the state authorizing their issue; and (4) no facts are stated showing that the county or its officers were authorized to issue said bonds and coupons.

John D. Stephenson and Ewing & Smith, for plaintiff.

W. P. Hall, Gage & Ladd, and Robert Adams, Jr., for the county.

Before DILLON, Circuit Judge, and KREKEL, District Judge.

DILLON, Circuit Judge. The holder of coupons like those in suit may sue thereon although he be not the owner of the bonds from which they were detached; and under a declaration, properly framed, may recover without producing or being interested in the bonds. Thomson v. Lee Co., 3 Wall. [70 U. S.] 327; The City v. Lamson, 9 Wall. [76 U. S.] 477; McCoy v. Washington Co. [Case No. 8,731], per Mr. Justice Grier.

But where the maker is a county or other corporate body which has no inherent or general power to make such instruments, and can make them only by virtue of special authority, the principles of pleading require that such authority should appear either by distinct averment of the special act conferring it, or by stating the recital of the bond in that respect. The coupons, though detached, are related to the bonds to which they originally belonged, and by way of inducement or recital this relation ought to appear on the face of the declaration or petition. The City v. Lamson, supra.

These views are not inconsistent with the case of Chicago, B. & Q. R. Co. v. Otoe Co. [Case No. 2,667], which was, in some respects, peculiar, and where it was insisted that the pleader should state the facts showing that the county officers had the authority to issue the bonds, that is, should allege the election or other facts showing compliance with the preliminary steps on which the issue of the bonds was authorized; but this was held not to be necessary.

Experience in other states has shown that it is also well that the coupons should be identified by the number of the bonds, as well as by the date, amount, time of payment, etc., of the coupons themselves, as thereby the danger of the same instrument being more than once put in suit is much diminished.

For the reason that the authority of the county of Cass to issue the coupons ought to appear in the manner above stated, the demurrer is sustained, but the plaintiff may amend. Judgment accordingly.

NOTE. The principle of the above decision re-affirmed by Mr. Justice Miller in Thayer v.

Montgomery Co. [Case No. 13,870]. Mode of declaring on coupons. Ring v. Johnson Co., 6 Iowa, 265; Wiley v. Board of Education, 11 Minn. 371 [Gil. 268]; Thomson v. Lee Co., 3 Wall. [70 U. S.] 327; The City v. Lamson, 9 Wall. [76 U. S.] 477; McCoy v. Washington Co. [supra]. Limitation of actions on coupons. The City v. Lamson, 9 Wall. [76 U. S.] 478; Lexington v. Butler. 14 Wall. [81 U. S.] 282; McCoy v. Washington Co. [supra]; Clark v. Iowa City [20 Wall. (87 U. S.) 583]. U. S. supreme court, 1874. Coupons draw interest from the time they become due and payable. Aurora v. West, 7 Wall. [74 U. S.] 105; Gelpcke v. Dubuque, 1 Wall. [68 U. S.] 206; Burroughs v. Commissioners of Richmond Co., 65 N. C. 234. Relation of detached coupons to the bonds from which they were detached. See Clark v. Iowa City [supra], U. S. supreme court, February, 1874.