W. G. LANGFORD, H. E. HEITMAN, W. H. TOWLES, S. C. BASS, R. A. HENDERSON, FRANK CARSON, G. M. HEITMAN, M. FLOSSIE HILL, W. F. GWYNNE, J. N. HARTSFIELD, J. F. MENGE, E. L. EVANS, JAMES A. HENDRY, ALICE MCCANN AND G. F. IRELAND, *Appellants,* v. W. J. ODOM, J. H. JOHNSON AND H. S. ENGLISH, COMPOSING THE BOARD OF PUBLIC INSTRUCTION OF LEE COUNTY, *Appellees.*

Opinion filed March 22, 1919.

1. Section 324, General Statutes of Florida, contemplated that payment of purchase price of real estate to be used for educational purposes for the erection of school buildings and for the payment of debts contracted for such purposes, shall

be made from the school funds and not from the general county funds.

2. Section 324 General Statutes held to be constitutional.

3. The proceeding for the purchase of real estate for educational purposes and for the erection of school buildings, must be in conformity to the provisions of Section 324 General Statutes of Florida.

4 Where a Statute is capable of two constructions, the one that will make it comport with the fundamental law should be adopted.

An Appeal from the Circuit Court for Lee County; John S. Edwards, Judge.

Judgment reversed.

*C. W. Stevens* and *C. B. Parkhill,* for Appellants;

*John W. Burton* and *Cyrus Q. Stewart,* for Appellees;

*Whitaker, Himes & Whitaker,* as Amici Curiae.

BROWNE, C. J.—This is an appeal from an order of the Circuit Court for Lee County dissolving an injunction restraining the Lee County Board of Public Instruction from purchasing a tract of land on which to erect school buildings and a high school dormitory.

The action of the County Board of Public Instruction in attempting to purchase this property is attacked upon the grounds that they did not proceed in accordance with law; that they had no authority to purchase property to erect dormitories, and that the sum of $20,000.00 which

they were about to pay for the real estate was so far in excess of its value as to make their proposed action an abuse of discretion.

A temporary restraining order was made enjoining the Board from purchasing the land and testimony was taken before a master as to its value. As the judgment will have to be reversed on other grounds, the question whether there was an abuse of discretion by the County Board of Public Instruction in agreeing to pay twenty thousand dollars for this real estate, is immaterial, and we do not pass upon it.

The right of the County Board to use school funds to erect dormitories seems questionable, but as the matter is not fully presented and discussed, and as it is not necessary to determine it in order to dispose of this case, we do not decide it in this controversy.

The appellants contend that Section 324, General Statutes, provides the method of procedure for the acquisition of real estate for educational purposes, and that this method not having been followed, the action by the County Board of Public Instruction was illegal. It is contended by the appellees that other general provisions of the statutes gave the County Board authority to proceed as they did, and that Section 324, if constitutional, does not govern.

Section 341, General Statutes of Florida, makes County Boards of Public Instruction "bodies corporate," and provides that they "may acquire and hold real estate and personal property, receive bequests and donations, and perform other corporate acts for educational purposes."

Section 343 provides that the title to school property of the county shall be vested in the County Boards and

their successors in office, except in such Special School Tax Districts as provided for.

Paragarph five of Section 347 empowers the County School Boards "To do whatever is necessary with regard to purchasing or renting, school sites and premises, constructing, repairing, furnishing, warming, ventilating, keeping in order or improving the school houses, out buildings, fences, land and movable property, procuring proper apparatus for the schools, grading and classifying the pupils, and providing separate schools for the different classes in such a manner as will secure the largest attendance of pupils, promote the harmony and advancement of the school, and establishing when required by the patrons, schools of higher grades of instruction where the advancement and number of the pupils require them."

Section 324 provides as follows: "The board of county commissioners of any county in this State upon the request of the board of public instruction in such county, after an affirmative vote of the qualified voters who are taxpayers therein and have paid all taxes due by them for two years next and preceding said election in any special tax school district, or county, are hereby authorized to contract debts for the purchase of real estate to be used for educational purposes for the erection of school buildings and to pay such debts out of the current income of any year, or out of the income of succeeding years, and are authorized to borrow money, from time to time, as occasion may require to discharge any debt or liability incurred for the purchase of real estate for such purpose, which debt shall be a charge or lien only upon such special tax school district or county as the case may be: Provided, That the necessary expenses of maintaining

the schools in any county during any year shall constitue the first claim against the school fund of that year."

There is no conflict in these provisions of the law. Those upon which the appellees rely confer certain general powers on County Boards of Public Instruction, such as the right to "acquire and hold real estate," "to do whatever is necessary with regard to purchasing or renting school sites and premises, constructing, repairing, furnishing, warming, ventilating, keeping in order or improving the school houses," etc., and vesting the title to school property in them except in special school tax districts.

Section 324 provides a method by which these general rights and powers shall be exercised and made effective. The right to acquire and hold real estate for educational purposes must be exercised in accordance with the provisions of Sections 324, and in this instance it was not done, it being alleged in the bill and not denied, that "the Board of County Commissioners of Lee County have not made any provision for the contracting of this debt, for the purchase of the real estate described, nor have the defendants made any request of the said County Commissioners of Lee County to contract the above debt," or otherwise complied with provisions of Section 324.

It is contended that Section 324 is unconstitutional, and the case of State *ex rel.* Bours v. L'Engle, 40 Fla. 392, 24 South. Rep. 539, is cited as authority. To hold Section 324 unconstitutional, we would have to find that it contemplates payment for real estate out of the general funds of the county and not from the school fund. It is clear, however, that such is not the intention of this act. The L'Engle case was decided at the June Term,

1898. Section 324 is taken from Chapter 4682, which was passed in 1899, and we will not readily assume that the legislature with that decision before it deliberately passed a law in defiance thereof when it is apparent from the language of the statute that such was not the legislative intent.

The act after prescribing the mode of procedure for the purchase of real estate and the erection of school buildings, provides for the payment of such real estate or for debts contracted for that purpose "out of the current income of any year, or out of the income of succeeding years, * * * which debt shall be a charge or lien only upon such special tax school district or county as the case may be." This language clearly indicates that the lien is to be upon the school funds of the County or Special Tax School District, as distinguished from the general county funds. If there were any doubt about this, the proviso, which is as follows, would remove it: "The necessary expenses of maintaining the schools in any county during any year shall constitute the first claim against the school fund of that year." This, in effect, says that the lien that the statute gives upon the "special school tax district or county" for the debt incurred for the purchase of real estate or for the erection of school buildings, shall be a claim against the school funds of each year inferior to that for the necessary expenses of maintaining the schools.

Construing this statute as a whole it seems quite clear that the school funds and not the general county funds are to be used for the purchase of real estate for educational purposes and the erection of school buildings. The statute seems capable of that construction only, but if it were subject to a different one, we would have to adopt

the former in recognition of the well established rule that where a statute is capable of two constructions, the one that will make it comport with the fundamental law should be adopted. Davis v. Florida Power Co., 64 Fla. 246, 60 South. Rep. 759; Railroad Commission v. Florida East Coast Ry., decided at this term of the court.

"It is elementary when the constitutionality of a statute is assailed, if the statute be reasonably susceptible of two interpretations, by one of which it would be unconstitutional and by the other valid, it is our plain duty to adopt that construction which will save the statute from constitutional infirmity." Knights Templars' and Masons' Life Indemnity Co. v. Jarman, 187 U. S. 197, text 205, 23 Sup. Ct. Rep. 1080.

The School Board having failed to proceed for the purchase of the real estate in question in accordance with the provisions of Section 324 of the General Statutes, and that statute not being unconstitutional, the court erred in dissolving the injunction, and the judgment is reversed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.