GEORGE BABCOCK INC., a corporation organized and existing under the laws of the State of New York, *Plaintiff in Error*, vs. THE BOARD OF PUBLIC INSTRUCTION for the County of Dade and State of Florida, *Defendant in Error*.

140 So. 644.

Division A.

Opinion filed April 4, 1932.

*Botts & Field*, for Plaintiff in Error;

*Philip Clarkson* and *Shipp, Evans & Kline*, for Defendant in Error.

BUFORD, C.J.—The plaintiff in error sued the defendant in error in the court below to enforce the payment of three promissory notes. The original declaration was in three counts, each count being in conventional form declaring on the note to which it applied. Demurrer to this declaration was sustained and thereupon an amended declaration was filed, same also being in three counts, each of which were like unto the corresponding count respectively of the original declaration, except that it was further alleged in each count as follows:

"Plaintiff further avers that said note was given as evidence of a part of the indebtedness due to plaintiff by defendant on account of certain lands, situate,

lying and being in Dade County, Florida, and more particularly described as follows, towit:

The west 330 feet of the NE¼ of the SE¼ of the SE¼ of Section 13, Township 54 South, Range 40 East,

which said lands were sold by plaintiff to defendant for use by the defendant for school purposes.''

The declaration was demurred to and the demurrer was sustained. It is unnecessry to consider the original declaration and the demurrer thereto.

The demurrer to the amended declaration was on two grounds. The first ground was that it does not appear from the allegations of the above declaration that the notes, and any thereof, therein mentioned, were executed in compliance with the law; and the second was that the promissory notes, and each thereof, in the above declaration mentioned, are presumptively void. The demurrer was properly sustained on the first ground thereof.

The notes attached to the declaration and made a part thereof are the ordinary conventional promissory notes including provision for the payment of attorney's fees in case of default, etc., and upon their face show that they are secured by a mortgage on real estate of even date therewith.

A County Board of Public Instruction in this State may only assume such obligations as it is authorized by statute to assume and then only pursuant to the method prescribed by statute. See Langford vs. Odom, 77 Fla. 282, 81 Sou. 469; Peacock v. State, 61 Fla. 383, 54 Sou. 1004.

As a County Board of Public Instruction is not authorized to assume general obligations and may only purchase real estate for educational purposes and school sites under the statutory provisions of section 436 R. G. S., 409 C. G. L., and section 1 of chapter 7916, Acts of

1919, section 510 C. G. L., it is not sufficient when filing a suit at law against a County Board of Public Instruction to merely allege in the declaration the ultimate fact that all matters and things required by law to be done in connection with the assuming of the obligation sued on have been done and performed, but the pleader must set out in detail such facts as to show that the requirements of the statute have been complied with before recovery can be had upon the obligation which constitutes the cause of action.

In discussing a like question Mr. Justice Gray said in the opinion of the Court in Hopper vs. Town of Covington, Indiana, 30 Law Edition 190:

"When the law confers no authority to issue the bonds in question, the mere fact of their issue cannot bind the town to pay them, even to a purchaser before maturity and for value. Marsh vs. Fulton Co., 10 Wall. 676 (77 U. S. bk. 19 L. ed. 1040); East Oakland vs. Skinner, 94 U. S. 255 (Bk. 24 L. ed. 125); Buchanan v. Litchfield, 102 U. S. 278 (Bk. 26 L. ed. 138); Dixon County v. Field, 111 U. S. 83 (Bk. 28 L. ed. 360); Hayes v. Holly Springs, 114 U. S. 120 (Bk. 29, L. ed. 81); Daviess Co. v. Dickinson, 117 U. S. 657, (Bk. 29 L. ed. 1026). A demurrer admits only facts, and facts well pleaded. The Town having but a limited authority to issue bonds for certain purposes, it is not enough for the plaintiff to aver in general terms that the Town was authorized to issue the bonds in suit; but he must state the facts which bring the case within the special authority. There is nothing in this declaration, or in the copies of instruments annexed to, and made a part of it, which shows, or has any tendency to show, for what purpose the bonds were made. The averment that the defendant is a municipal corporation under the laws of Indiana, 'with full power and authority pursuant to the laws of said State to execute negotiable commercial paper', if understood as alleging a general power to execute negotiable commercial paper, is inconsistent with the pub-

lic laws of the State, of which the Courts of the United States take judicial notice. The averment that the bonds held by the plaintiff were executed pursuant to the laws of the State, is but a statement of a conclusion of law which is not admitted by demurrer. The declaration is fatally defective for not stating the facts necessary to enable the court to judge for itself whether that conclusion of law has any foundation in fact. Pumpelly v. Green Bay Co., 13 Wall. 166, 175; (80 U. S. Bk. 20 L. ed. 557) ; Cragin v. Lovell, 109 U. S. 194 (Bk. 27 L. ed. 903); Kennard v. Cass Co., 3 Dill. 147; Broome v. Taylor, 76 N. Y. 564; Cotton v. New Providence, 18 Vroom 401.''

For the reasons stated, the judgment is affirmed. It is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND DAVIS, J., concur in the opinion and judgment.