J. J. Zorn v. T. J. Britton.

150 So. 801.
Division A.
Opinion Filed November 2, 1933.

*E. C. Maxwell,* for Plaintiff in Error;

*D. Stuart Gillis,* for Defendant in Error.

Davis, C. J.—In this case the court charged the jury trying an automobile-truck-collision suit, that if the jury found the width of the truck to be excessive, in that it exceeded seven feet as authorized by Section 1296 C. G. L., Section 11, Chapter 8410, Acts of 1921, and that the ex-

cessive width of a truck was the proximate cause of the collision (by side-swiping on the part of the truck) that the verdict should be for the plaintiff under a count in a negligence declaration setting up a claim for damages for the negligent operation of a cotton-laden motor truck and trailer, the width of which (with load) was in excess of seven feet, the height of which (with load) was in excess of twelve feet, said loaded truck and trailer being of a greater weight than 4,000 pounds, alleged to have been unlawfully operated in excess of twenty miles per hour over the highways at the time of its collision with plaintiff's passenger car.

The jury found a verdict for plaintiff for $2,000.00 and judgment was entered thereon against plaintiff in error, the defendant below. Defendant took writ of error.

Section 1296 C. G. L., 1023 R. G. S. (originally Section 11, Chapter 8410, Acts of 1921) was repealed and superseded by Section 1318 C. G. L., the same being Section 1 of Chapter 10186, Acts of 1925, in so far as it applies to the operation of motor vehicles licensed to operate on the highways. See Florida Motor Lines, Inc., v. Ward, 102 Fla. 1105, 137 Sou. Rep. 163. At the time of the collision here complained of (August 12, 1931) the applicable law on the subject of unlawful weights and dimensions of private trucks was to be found in Section 3 of Chapter 15625, Acts of 1931, Special Session, now Section 1285 C. G. L., 1932 Supplement, Section 1011 R. G. S., as amended. The speed limit was that fixed by Section 1318 C. G. L. (Section 1, Chapter 10186, Acts of 1925.

The second count of plaintiff's declaration contained allegations based on the hypothesis that Section 1296 C. G. L., supra, was still a part of the statute laws of this State, despite the fact that such section had, at the time the cause

of action accrued, been repealed. Such second count of the declaration was not demurred to. Nor was any motion made to strike from it the irrelevant allegations it contained, based upon Section 1296, C. G. L., *supra,* nor for compulsory reformation of such count to eliminate the irrelevant matters. It cannot be said that the second count wholly fails to state a cause of action with the irrelevant matters based on Section 1296, C. G. L., *supra,* eliminated.

Where a declaration does not wholly fail to state a cause of action, but is so framed that it contains allegations that are irrelevant, redundant, or framed in such form as to unduly prejudice the opposite party though otherwise appropriate and relevant, the remedy therefor is a motion to strike, or for compulsory reformation, and the practice of attacking such irrelevant, redundant or unduly prejudical matters by specially requested charges to the jury to disregard them, is not a practice of which we approve.

At the same time, a specifically requested charge to the jury to disregard improper allegations respecting liability for acts alleged to have been done, is not a forbidden method of reaching and eliminating such allegations contained in a declaration, when it appears that such inappropriate allegations should be disregarded by the jury in adjudicating the defendant's liability under whatever proper allegations such declaration may be found to contain.

. At the trial of this case the defendant below requested the Court to give the following special charge:

. "2. The allegations in the declaration that the defendant's truck or load were more than seven feet wide and more than twelve feet high even if true, do not indicate even *prima facie* evidence of negligence on the part of the defendant causing the alleged injury to plaintiff, and will be disregarded."

The charge was refused and proper exception to the refusal taken at the time.

The requested charge should have been given for the purpose of eliminating from the consideration of the jury those allegations of the plaintiff's second count which were expressly based upon Section 1296, C. G. L., *supra,* a section of the statutes that at the time of the collision, had been repealed and superseded by later statutes. Under the circumstances it cannot be said that the court's refusal to give the charge was harmless error; therefore, the fifth assignment of error based on the court's refusal to give the requested charge must result in reversal of the judgment with directions for a new trial. The other assignments of error argued are not sustained.

Reversed for a new trial.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

ELLIS, J. (concurring specially).—I agree to the conclusion that the judgment should be reversed for error in giving the third charge requested by the plaintiff and error in refusing the second instruction requested by the defendant, but not for the reasons stated in the opinion. Each count of the declaration rested upon alleged negligence in operating the truck on the public highway. The references in the second count to width, height and weight of the truck and speed at which it was driven did not constitute the grounds of the cause of action stated. The pleas were not guilty and contributory negligence. The size and weight of the truck, as well as the speed at which it was driven, were not issues. They were mere elements in the charge of reckless and negligent operation of the truck.

When the court gave the third charge requested by the plaintiff and denied the second charge requested by the

defendant an unnecessary, irrelevant and confusing element was introduced in the trial which was calculated to mislead and confuse the jury to the prejudice of the defendant.

So I think the judgment should be reversed and a new trial ordered.