BOARD OF PUBLIC INSTRUCTION OF MANATEE COUNTY v.
EULA C. CASSIDY, *et vir.*

155 So. 834.
Opinion Filed May 17, 1934.
Rehearing Denied July 24, 1934.

*Rice & Blakey,* for Plaintiff in Error;

*Grimes & Rowe* and *N. Dwight Ford,* for Defendant in Error.

TERRELL, J.—This writ of error is to a final judgment against the plaintiff in error, in the sum of $1030.40 on a contract for lands purchased to be used for school purposes.

It is contended here that the judgment below should be reversed because the declaration did not show authority to make the contract relied on, that the said lands could not be paid for out of future revenues of the Board of Public Instruction and that the contract to purchase was defective and ineffectual because the lands described therein were lost to both parties under municipal tax liens prior to the date of the purchase price.

The record discloses that the purchase contract was in

the form of a deed with reservation to accept reconveyance of the premises by the vendor at any time prior to the due date of the note or notes expressing the purchase price. The purchase contract was executed September 14, 1929, and was accompanied by two promissory notes of like date, one for $400, due October 1, 1930, and the second for $500, due October 1, 1931. Both notes bore interest at six per cent., were for the aggregate purchase price of the lands and might be declared due and subject to acceleration on failure to pay any interest installment. The notes and contract were, by apt words, made part of the declaration. The Board of Public Instruction did not exercise its option to reconvey the lands to the vendor prior to maturity, and declined to pay the purchase price or interest thereon.

As to the sufficiency of the declaration plaintiff in error relies on Babcock v. Board of Public Instruction for Dade County, 104 Fla. 693, 140 So. 644. In that case, the contract was executory and we there held that the declaration being in conventional form on a promissory note, was not sufficient to show compliance with the law with reference to the power on the part of the Board of Public Instruction to purchase lands for school purposes. In the case at bar we are concerned with an executed contract which is made a part of the declaration and it is shown that the lands purchased were for a lawful purpose, have been delivered to the Board of Public Instruction and are now and have been used by it for school purposes for two years last past.

This Court has repeatedly approved the authority of a Board of Public Instruction to purchase lands for school purposes. Section 454, Revised General Statutes of 1920, Section 561, Compiled General Laws of 1927. First National Bank of Gainesville v. Board of Public Instruction

of Lafayette County, 93 Fla. 182, 111 So. 521. Board of Public Instruction of Pinellas County v. Knight and Wall Co., 100 Fla. 1649, 132 So. 644, I. W. Phillips Co. v. Board of Public Instruction of Pasco County, 98 Fla. 1, 122 So. 793.

The obligation to do justice rests on all persons and they should not be permitted to invoke the doctrine of *ultra vires* when it would defeat the ends of justice or work a legal wrong. The plaintiff in error having accepted Mrs. Cassidy's property and appropriated it to the use of the county for public school purposes, cannot now be heard to repudiate its contract and refuse to pay in the face of clear legal authority to do so. City of Colorado Springs v. Colorado City, 42 Col. 75, 94 Pac. 316, McCormick Lumber Co. v. Highland School District, 26 Col. A. 641, 147 Pac. 1183, Louisiana v. Wood, 102 U. S. 294, Andrews and others v. School District No. 437 Minn. 96, 42 N. W. 217, Kritz v. St. Cloud School District, 79 Minn. 14, 8 N. W. 533, Frank v. Board of Education of Jersey City—N. J. App.— 100 Alt. 211, 36, C. J. 486.

Some of these authorities hold that even without express legal authority to do so, if a private or corporate person acquires the property of another and accepts the benefits of it, under the doctrine of estoppel *in pais,* they cannot be heard to say that it was acquired without legal authority, and refuse to make restitution or compensation therefor.

Other assignments have been examined but in view of our conclusion as to the first one, it becomes unnecessary to discuss them, some of them having been abandoned in the court below and others were predicated on matters dehors the record.

The declaration and the facts in this case are clearly dis-

tinguishable from those in Babcock v. Board of Public Instruction for Dade County, *Supra*. The cause was tried by the court without a jury who had knowledge of all the facts affecting the transaction, and his judgment finds ample support in the record. It is not shown that harmful error was committed.

The judgment below is affirmed.

DAVIS, C. J., and ELLIS, J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.