GRACE WHITING WICKER, joined by her husband CYRUS WICKER, v. THE BOARD OF PUBLIC INSTRUCTION OF DADE COUNTY, FLORIDA.

22 So. (2nd) 255                                        January Term, 1945
May 22, 1945                                                      En Banc

8

A. B. Rowe, J. Lewis Hall, Whitaker Brothers, for appellant.

John J. Lindsey, for appellee.

BUFORD, J.:

Appeal is from the judgment entered on demurrer sustained to a declaration.

The declaration is of considerable length; the effect of its allegations are that on the 28th of September, 1926, the Board of Public Instruction of Dade County entered into a written contract with Whitphel Properties, Inc., executed under its corporate seal, wherein it promised and agreed to purchase and pay for a certain tract of land in Dade County to be used for school purposes and Whitphel Properties, Inc., agreed to sell and convey the said land to the Board of Public Instruction of Dade County. A copy of the contract is attached to

and made a part of the declaration and is in the following words and figures, viz:

"This Agreement, made and entered into this 28th day of September A. D. 1926, by and between Whitphel Properties, Inc., a Florida Corporation, party of the first part, and The Board of Public Instruction for the County of Dade, State of Florida, party of the second part.

"Whereas, the party of the first part is the owner of the following described property situate, lying and being in Dade County, Florida, to-wit:

"Block Three (3) of Kensington Park, Seventh Street Addition, as per the plat thereof recorded in Plat Book 30, at page 32, of the Public Records of Dade County, Florida.

"And Whereas, the party of the second part is desirous of purchasing the said property from the party of the first part.

"Now, Therefore, Witnesseth: That for and in consideration of the sum of Five Thousand ($5,000.00) Dollars, cash in hand paid by the party of the second part to the party of the first part, the receipt whereof is hereby acknowledged, and in further consideration of the several covenants, conditions and stipulations of this contract, the parties hereto hereby covenant and agree as follows, to-wit:

"Upon the performance of the conditions of this contract the party of the first part covenants and agrees to convey unto the party of the second part, by good and sufficient warranty deed, in fee simple, free and clear of all encumbrances, the said property hereinabove described.

The party of the second part does hereby covenant and agree to pay therefor a purchase price of One Hundred and Thirty Thousand ($130,000.00) Dollars payable as follows, to-wit: $5,000.00 cash, the receipt of which is hereinabove acknowledged: $41,666.66 on or before one year from date; $41,666.66 on or before two years from date; and $41,666.66 on or before three years from the date hereof. Said indebtedness being evidenced by eight (8) certain promissory notes, copies of which are hereto attached.

"It is understood by and between the parties to this instrument that upon payment of the total aggregate sum due

on this contract for deed on or before one (1) year from the date hereof that the party of the first part will issue to the party of the second part its warranty deed conveying the above described premises, in fee simple, free and clear of all encumbrances, and that the party of the second part will execute and deliver to the party of the first part a certain first mortgage securing the balance due on this contract, to be payable on or before the due date of said balance due hereunder and to incumber the said above described property.

"Permission is hereby granted to the party of the second part to enter into possession of the property and construct a school house thereon.

"It is understood and agreed that all taxes shall be prorated as of the date of this agreement and that all deferred payments shall bear interest at the rate of 8% per annum, payable semi-annually. All deferred interest payments hereunder shall bear interest at the rate of 8% per annum, payable semi-annually.

"If any of the said sums of money herein referred to of principal or interest be not promptly and fully paid within thirty (30) days next after the same shall severally become due and payable, or if each and every the stipulations, agreements, conditions and covenants of said promissory notes and this agreement, or either, are not fully performed, complied with and abided by, the said aggregate sum mentioned in said promissory notes shall become due and payable forthwith or thereafter at the option of the party of the first part, its successors or assigns, as fully and completely as if the said aggregate sum of $125,000.00 was originally stipulated to be paid on such day, anything in said promissory notes or herein to the contrary notwithstanding, and then and in that event the party of the first part shall have the right to foreclose this contract in the manner and form as is provided by law for the foreclosure of mortgages, and any and all rights of the party of the first part in case of a default under this contract shall be cumulative.

"In Witness Whereof the parties hereto have hereunto set their hands and seals, the day and year first above written."

The declaration further, in effect, alleges that on the 22nd

day of May, 1928, Whitphel Properties, Inc., made, executed and delivered a good and sufficient warranty deed conveying such property to the Board of Public Instruction of Dade County, which deed was duly recorded in the public records of said County. The declaration then alleges:

"Plaintiffs further allege that at the time of execution of said contract hereinabove referred to and copy of which is attached as Exhibit 'A,' the said Board of Public Instruction on the 28th day of September, 1926, did cause to be executed seven (7) certain promissory notes as part of the purchase price for said real estate hereinabove described, said notes being in the principal aggregate sum of $114,000.00 and said notes being numbered No. 1, for the principal sum of $2,000.00; No. 5 in the principal sum of $10,000.00; No. 6 in the principal sum of $10,000.00; No. 7 in the principal sum of $2,500.00; No. 8 in the principal sum of $6,166.66; No. 11, in the principal sum of $41,666.66 and No. 12, in the principal sum of $41,666.68, a photostatic copy of each of said notes being made a part hereof and attached hereto as Exhibits 'C' through 'I'; said notes being made payable to the order of Whitphel Properties, Inc., and each of said notes drawing interest at the rate of 8% per annum from date until paid and each of said notes waiving demand, notice of non-payment and protest as well as providing for reasonable attorneys fee to be paid by the maker thereof in the event the same was not paid at maturity and placed in the hands of attorneys for collection.

"Plaintiff, Grace Whiting Wicker, further alleges that she is the owner of each of said notes, photostatic copies of which are hereto attached, having acquired the same in due course by proper endorsement as appears on the back of each of said notes hereto attached and that she is such owner and holder of each of said notes at this time and that there has been nothing paid on any of said notes but that the total amount of principal and interest provided for by the terms and tenor of said notes is now long past due, owing and payable to the plaintiffs and that the said Board of Public Instruction of Dade County, Florida, has failed and refused to pay said notes or any part thereof, principal or interest,

12

although demand has been duly made upon the said Board of Public Instruction for the payment thereof.

"Plaintiffs further allege that soon after the acquisition of said real estate, hereinabove described, by the Board of Public Instruction of Dade County, Florida, for school site purposes the said property was exempted from taxation as school property and has been so exempt down to the present time and that this benefit of exemption of said premises as school property has been accepted by the said Board of Public Instruction throughout the period of its exemption from taxes, the said Board having full knowledge throughout the entire period that exemption was being made.

"Plaintiffs further allege that after the execution of the contract and notes hereinabove referred to, copies of which are made Exhibits hereto, to-wit, on the 2nd day of November, 1927, a regular meeting of the said Board of Public Instruction, a demand for payment was made upon the said Board and said Board recognized the said notes as a valid, subsisting outstanding, unpaid obligation and directed that the then holder of said notes be advised of the Board's then existing financial condition and that said Board was unable at said time to make payment of said notes, a copy of said minutes being hereto attached and marked Exhibit 'J' and made a part hereof.

"Plaintiffs further allege that the said Board of Public Instruction of Dade County filed in the Circuit Court of said County on the common law side thereof on January the 20th 1942, a condemnation proceeding seeking to condemn under the authority vested in said Board by law certain lands adjacent to the lands hereinabove described and in said petition for condemnation the said Board of Public Instruction among other things alleged:

" 'That under the aforesaid Constitution and Laws of the State of Florida, your petitioner is empowered and it is made the duty of petitioner to acquire school sites and to erect school buildings, and in the acquisition of such school sites to provide for recreational playground facilities, having due regard for the convenience of the public, the convenience and safety of the students and of the instructional personnel of

the several school centers of said County of Dade, state aforesaid; that in the performance of its duty and in the exercise of its powers and discretion aforesaid, the petitioner acquired and now is the owner of a certain school site situate . . . the same being known and designated as Block Three (3) of Kensington Park, Seventh Street Addition, according to plat, of said Kensington Park, recorded in Plat Book 30 at page 32 of the Public Records of Dade County, Florida, . . .' said petition having been signed by J. G. Turner, Chairman of the Board of Public Instruction of Dade County and attested by James Wilson, Secretary of said Board and under the seal of said Board and that said condemnation suit terminated in the acquisition of the property sought to be condemned and the title to the condemned property is now held by said Board. Copy of said condemnation petition being attached hereto and marked Exhibit 'K' and made a part hereof.

"Plaintiffs further allege that the Board of Public Instruction of Dade County, Florida, acquired said real estate hereinabove described for school purposes and executed as a part of the purchase price thereof, the notes, photostatic copies of which are hereto attached, and that they owned, held and made use of said real estate for school site purposes."

This Court has repeatedly upheld the authority of a Board of Public Instruction to purchase lands for school purposes. See Board of Public Instruction v. Cassidy, 122 Fla. 536, 155 So. 834.

The declaration is on an obligation arising as the result of an executed *contract*. See Board of Public Instruction v. Cassidy, supra, and cases there cited.

This case comes squarely within the doctrine enunciated in the Cassidy case, supra, wherein we held:

"Board of Public Instruction which accepted deed to land for school purposes and failed to pay for land or to exercise its option to reconvey, *held* estopped to deny liability to vendor for purchase price." (Comp. Gen. Laws 1927, Sec. 561).

The notes involved here are void as independent obligations (Babcock v. Board of Pub. Instr. of Dade Co., 104 Fla. 693, 140 So. 694; First National Bank of Key West v. Board of

Public Instr. of Dade County, 107 Fla. 525, 145 So. 203), but they are relevant as evidence of the agreed purchase price of the land involved and, when transferred by endorsement, constitute a transfer of the cause of action under the contract. The endorsement of the notes to the plaintiff passed all rights and remedies resting in the endorser. See Am. Jur. page 74, Sec. 339, also Ellison v. Henion, 183 Cal. 171, 190 P. 793, 11 A.L.R. 444.

The declaration does not entirely fail to state a cause of action on which plaintiff may recover. Therefore, judgment is reversed with directions to vacate the judgment and the order sustaining demurrer to declaration on authority of Zorn v. Britton, 112 Fla. 579, 150 So. 801.

So ordered.

CHAPMAN, C. J., TERRELL, THOMAS and ADAMS, JJ., concur.

BROWN and SEBRING, JJ., dissent.

BROWN, J., dissenting:

I think the appellant's only remedy, if any, is in equity under the doctrine laid down in Special Tax School District v. Hillman, 131 Fla. 725, 179 So. 805. In view of our decisions in Babcock v. Board of Public Instruction of Dade County and First National Bank of Key West against the same board, cited in the opinion of Mr. Justice BUFORD, I do not see how the trial court could have rendered any judgment in favor of appellant on these notes, which were of the same series as those sued on in the two cited cases.