## WICKER v. BOARD OF PUBLIC INSTRUCTION OF DADE COUNTY, FLORIDA.

### No. 13007.

United States Court of Appeals,
Fifth Circuit.

June 14, 1950.

Halsted L. Ritter, Miami, Fla., Cyrus French Wicker, New York City, for appellant.

W. J. McLeod, Jr., Coral Gables, Fla., Grady C. Harris, Miami, Fla., John J. Lindsey, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and McCORD, and RUSSELL, Circuit Judges.

PER CURIAM.

As appellant states his case in his brief, "This suit is an action in equity based upon an admitted purchase resolution [1] of the Board of Public Instruction of Dade County, Florida, adopted and spread upon the Minutes at its regular meeting on May 9, 1928, for the sum of $40,000.00 therein named as the purchase price for certain land in Dade County, Florida".

The claim was that litigation having been brought to recover on the notes given under the contract of September 28, 1926, the Supreme Court of Florida, on the first appeal, held that the Board had no power to

---

1. This resolution, reciting that the Board, on Sept. 28, 1926, made a contract to purchase certain described land for $130,000.00 and had issued its notes for $125,000.00; and that a contract of purchase had been made on the expectation that there would be a great growth in the population of the community, but that, on the contrary, there had been a great collapse of population and values;

went on to say that the Board resolved, upon being released of its obligation on the aforesaid notes and the delivery to it of a warranty deed to the property, to execute a note for $40,000.00 payable on or before five years, with interest at 6 percent.

2. Wicker v. Board of Public Instruction of Dade County, 156 Fla. 7, 22 So.2d 255.

issue the promissory notes,[2] but had power to purchase land for school purposes and pay for same, and, on the second appeal, that the suit was barred by the five year statute of limitations, F.S.A. § 95.11(3);[3] and that "this action is upon a compromise resolution in settlement of the litigation under its previous contract of September 28, 1926, as referred to in its resolution".

The defenses were: the invalidity of the so-called compromise resolution sued on; the failure of plaintiff, or his decedent, to accept under and comply with it; its complete repudiation and abandonment, by the act of plaintiff's decedent by her suit filed August 7, 1943, asserting and suing on the notes of September, 1926; the judgments of the Supreme Court of Florida holding the notes void and the suit on the contract barred by limitation, and therefore, establishing that there was no consideration for the so-called compromise agreement; the withdrawal or lapse of the offer if it had ever had any validity; and the running of the statute of limitations.

The case was fully heard to the judge without a jury. There were lengthy findings of fact and conclusions of law fully sustaining all of the defenses. Plaintiff has appealed.

Without undertaking to discuss or deal in detail with the many grounds on which the District Court based his judgment for defendant, it is sufficient for us to say that we agree with his judgment and, in the main, with the reasons given for it. We particularly agree with his determination that the suit on the notes and contract of September 28, 1926, finally settled and determined that the contract which is claimed to be the basis of the compromise resolution was wholly without validity, and that the compromise resolution was, therefore, without consideration and invalid; and that if it ever was of binding force, limitation has long since barred the claim under it.

We are of the further opinion that the action of the plaintiff in undertaking, in 1943, to affirm the continuing existence and validity of the original contract and notes given in 1926, was a complete repudiation and rejection of the compromise offer if the offer had not long since lapsed of its own force.

We are of the further opinion that when this suit was filed, the offer had long ago lapsed and that there was no basis in law or in equity for plaintiff's suit.

The judgment was right. It is

Affirmed.

---

3. Wicker v. Board of Public Instruction of Dade County, 159 Fla. 480, 31 So.2d 635.