QUESTION: Are district school boards prohibited from obtaining state wage rates from the Florida Department of Commerce for inclusion in contract documents for construction projects?
SUMMARY: School boards are not statutorily authorized to include state wage rates in contract documents for construction projects of educational facilities. Your question is answered in the affirmative on the basis of the following discussion. Prior to July 1, 1974, all contractors for public school construction projects were required by s. 235.32, F. S., to comply with Florida's Prevailing Wage Law, s. 215.19, F. S., which states in part that: (1)(a) Every contract in excess of $5,000 in amount to which the state, any county or municipality in the state, or any political subdivision of the state or other public agency or authority is a party which requires or involves the employment of free laborers, mechanics, or apprentices in the construction of any public building, or the prosecution and completion of any public work or for repairs upon any public building or public work, shall contain a provision that the rate of wages for all laborers, mechanics and apprentices, if such apprentices are available in the area in which the said public work is located, employed by any contractor or subcontractor on the work covered by the contract shall be not less than the prevailing rate of wages for similar skills or classification of work in the city, town, village or other civil division of the state in which the said public work is located, which provision shall refer to and incorporate this section in the contract by reference. (b) The provisions of this section shall be called to the attention of all prospective bidders on public contracts of this nature by a notice in the specifications, and by the insertion in the specifications of a schedule of prevailing wage rates in the locality or area where the work is contemplated, furnished by the Division of Labor of the Department of Commerce, and such schedule of prevailing wage rates shall for the purpose of the contract and for the duration of the contract be deemed the prevailing wage rates as contemplated by this section regardless of any previous or subsequent determination by said division. (Emphasis supplied.) The requirement to comply with s. 215.19, F. S., was repealed and amended by Ch. 74-374, Laws of Florida (see s. 235.32, F. S.), which expressly exempted the contractor and the contract "from the requirements of s. 215.19, relating to the rate of payment for wages of laborers, mechanics and apprentices." However, Chapter 74-374 (s. 235.32) further provides that: Notwithstanding any other provision of this section, if 25 percent or more of the costs of any construction project is paid out of a trust fund established pursuant to 31 U.S.C. § 1243(a)(1), laborers and mechanics employed by contractors or subcontractors on such construction projects will be paid wages not less than those prevailing on similar construction projects in the locality, as determined by the Secretary of Labor in accordance with the Davis-Bacon Act, as amended. . . . Since the 1974 amendment to s. 235.32, F. S., expressly and specifically exempts the contractor and the contract from the requirements of s. 215.19, F. S., a school board could not unilaterally include or insert such a wage provision, as envisioned by s. 215.19, in the contract documents. A school board cannot do anything not expressly or by necessary implication authorized by a statute. School boards, albeit creatures of the Constitution, are part of the machinery of government exercising, pursuant to legislative authority, such governmental powers of the state as the law confides in them and operating at the local level as an agency of the state. The extent of their powers rests exclusively in legislative discretion. Such powers may be enlarged, diminished, modified, or revoked at the pleasure of the Legislature. Buck v. McLean, 115 So.2d 764 (Fla.App., 1959); Board of Public Instruction v. State ex rel. Allen, 219 So.2d 430
(Fla. 1969). The Legislature has described and enumerated in s. 235.32, F. S., what shall be the substance of a contract in which the school board enters. A statute which enumerates certain things on which it is to operate or forbids certain things must be construed as excluding from its operation all things not expressly mentioned therein. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952). When a statute authorizes public officials to proceed in a particular way or upon specific conditions, it implies a duty not to proceed in any manner other than that which is authorized by law. White v. Crandon, 156 So. 303 (Fla. 1934). To state it another way, a legislative directive as to how a thing shall be done is, in effect, a prohibition against its being done in any other way. See Alsop v. Pierce, 19 So.2d 799 (Fla. 1944). Section 235.32, F. S., also provides for the inclusion of the federal prevailing wage rates as determined by the U.S. Secretary of Labor in accordance with the Davis-Bacon Act, as amended, 40 U.S.C. § 276a, in those projects 25 percent or more of the costs of which are funded by federal assistance to state and local governments under Public Law 92-512. Aside from the clear expression of an exemption in the law and the implied lack of authority above discussed, prevailing wage rates as determined by the Division of Labor of the Department of Commerce for a given area within the state may be different from the wage rates as determined by the Secretary of Labor for the same area and generally are not interchangeable due to computation variables. Therefore, a school board is not authorized by law to include the state wage rates in a contract entered into under s. 235.32, F. S., and, thus being without statutory authority, is in law and effect prohibited from doing so. What the law does not authorize is forbidden, and since statutory agencies, such as school boards, do not possess any inherent powers, these agencies are limited to the powers granted either expressly or by necessary implication from the statutes governing them. State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974). It is well established in Florida that school boards have "only such powers to contract as the legislature, either expressly or by necessary implication, confers. . . ." 29 Fla. Jur. s. 27, citing Babcock Inc. v. Board of Public Instruction for Dade County, 140 So. 644
(Fla. 1932). It has also been held that a board of public instruction should not assume authority when the right to exercise authority is doubtful. Harvey v. Board of Public Instruction for Sarasota County, 133 So. 868 (Fla. 1931).