359 So.2d 908 (1978)
Steven O. SPURRIER and Billy G. Dunavant, Appellants,
v.
UNITED BANK, Appellee.
No. DD-263.
District Court of Appeal of Florida, First District.
June 16, 1978.
*909 Allison E. Folds of Fagan, Crouch, Anderson & Folds, Gainesville, for appellants.
Bevin G. Ritch of Lowry & Ritch, Gainesville, for appellee.
MILLS, Judge.
United Bank (United) brought suit on two promissory notes against Steve Spurrier's Golden Door Spa, Inc. (Spa), as maker of the notes, and appellants, Spurrier and Dunavant, as guarantors of the corporate obligations of Spa. The notes for Forty and Twenty-five Thousand Dollars were signed on behalf of Spa by James Latham, above the line labeled president, and by Charles Latham, above the line labeled secretary. Prior to the Spa notes being executed, Spa had filed with United a corporate resolution which provided that Spa could borrow money from United "... and that James R. Latham, Pres., Lowell V. Summerhays, Sec., are hereby authorized and empowered to execute and deliver the promissory note or notes of this corporation... ." It was further provided that the resolution would continue in effect until rescinded by resolution, and notice of the rescission, signed by the president and secretary, was received by United.
In their answer, Spurrier and Dunavant asserted the defense of unauthorized execution of the notes and negligence on the part of United in failing to determine that the notes were not executed in conformity with the corporate resolution on file with United. After trial without a jury, final judgment was entered against Spa, Spurrier and Dunavant. Spurrier and Dunavant take this appeal from that judgment.
Spurrier and Dunavant contend that the Spa notes were not executed in compliance with the authorization of corporate borrowing on file with United, and therefore they cannot be held liable on the notes. Spurrier's and Dunavant's liability as guarantors is contingent on Spa's liability on the notes. The guaranties executed by Spurrier and Dunavant guaranteed "... prompt payment, at maturity, of any and all notes, drafts, checks, and any and all indebtedness, ... which now or hereafter may exist or be owing from [Spa] to [United]... ." If Spa is liable on the notes, so are Spurrier and Dunavant as guarantors.
In its final judgment, the trial court found that United was the owner and holder of the notes "... executed by STEVE SPURRIER'S GOLDEN DOOR SPA, INC., in favor of UNITED... .", and that payment of the notes had been guaranteed by Spurrier and Dunavant. Since the trial court did not specifically state the facts or theory supporting its ultimate conclusion, we are required to accept the facts to be those shown by evidence most favorable to United, the party which prevailed *910 below, and can only reverse the trial court if there is no theory under which the judgment can be sustained. Coble v. Agnew, 128 So.2d 158 (Fla. 2d DCA 1961); Cohen v. Mohawk, 137 So.2d 222 (Fla. 1962). We believe that there are at least two possible theories which would sustain the lower court's judgment.
Firstly, the lower court could have determined that the notes were executed in accordance with the resolution on file with United. The resolution was ambiguous. It did not clearly state whether the signatures of both James R. Latham, President and Lowell V. Summerhays, Secretary, were required to execute a promissory note, or whether the signature of either Latham or Summerhays was sufficient. The trial court's construction of an ambiguous contract cannot be disturbed by an appellate court, "... unless no valid legal basis exists for the conclusion reached". Posner v. Flink, 167 So.2d 259 (Fla. 3d DCA 1964).
Secondly, even if the signatures on the notes were not the authorized signatures, the trial court could have found that the unauthorized signatures had been ratified by Spa or that Spa was estopped to deny their authority. "Ratification, as applied to the law of agency, is the adoption or affirmance by a principal of the acts of his agent, either expressly, as by a written act, or impliedly, as by acceptance of the benefits of the contract." Skye Realty Co. v. Diversified Insurance Agency, Inc., 221 So.2d 871 (3 C.C.A.La. 1969). "The doctrine [of estoppel] requires of a party consistency of conduct, when inconsistency would work a substantial injury to the other party... As stated in Warren v. Tampa Mortgage Investors' Co., 1933, 112 Fla. 555, 150 So. 738 ... `[t]he law is too well settled to admit of controversy that one may not accept the fruits of a contract and at the same time renounce, or repudiate, the burdens which that contract places on him'." United Contractors, Inc. v. United Construction Corp., 187 So.2d 695 (Fla. 2d DCA 1966).
The evidence shows that Spa received and retained the proceeds of the notes. The trial court could have found that this constituted ratification of the unauthorized signatures or that Spa was estopped to assert the lack of authority of the officers signing. See, e.g., Grand Lodge, Knights of Pythias of Florida v. State Bank of Florida, 79 Fla. 471, 84 So. 528 (1920); Board of Public Instruction v. Cassidy, 122 Fla. 536, 155 So. 834 (1934).
The judgment of the trial court is affirmed.
McCORD, C.J., and BOYER, J., concur.